UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION – DETROIT

In re:

JACKSON GR, INC.,
  d/b/a GROUND ROUND GRILL & BAR,

                   Debtor.
_____/

Case No.: 12-46528-wsd
Chapter 11
Hon. Walter Shapero

**OPINION ON RAMCO-GERSHENSON PROPERTIES, LP'S MOTION FOR
(A) IMMEDIATE PAYMENT OF POST-PETITION AND ADMINISTRATIVE RENT
PURSUANT TO 11 U.S.C. §§ 365(d) and 503(b)(1) and (B) ORDER GRANTING RELIEF
FROM THE AUTOMATIC STAY**

**BACKGROUND**

      The Debtor filed its Chapter 11 petition on March 16, 2012. Debtor and Ramco-Gershenson Properties, LP ("Landlord"), through mesne lease assignments, were tenant and landlord with respect to property located at 1051 Boardman Road, Jackson, Michigan ("Property"), at which the Debtor operated a restaurant. The Debtor became the tenant by virtue of an assignment on July 28, 2004. The expiration date of the original lease term was May 5, 2017. However, in 2010, litigation arose between the parties which resulted in a consent judgment, one of the terms of which the Landlord asserts gave it the right to terminate the lease. The Landlord alleges that it did so pursuant to that provision prior to the filing of this bankruptcy case, and on the basis thereof has moved for relief from the stay seeking (a) the payment of administrative rent; and (b) by virtue of a granting of the stay lift, the right to obtain possession of the premises. A hearing was held; the focus of which was the lift of stay. The parties agreed in connection therewith that (1) the matter of administrative rent will be subject of a later hearing to be set; and (2) that the Court could decide

1

the matter on the basis of the lease documents appended to the motion, including the referred to consent judgment, and the arguments made by the parties and the filed briefs.

The consent judgment ("Consent Judgment") is dated May 24, 2011, in a court and cause between the Landlord as the plaintiff and the Debtor as the defendant. It provides (1) a money judgment in favor of the Landlord of $28,196.96; (2) payments thereon in specified monthly installments, to be applied as specified; (3) that the Debtor shall remain current until the end of the lease on base rent and electrical bills; (4) an additional monthly payment toward specified percentage rent; and (5) concludes with the following two provisions;

> It is FURTHER ORDERED that if defendant shall default on any term of the Judgment contained herein, Plaintiff, upon 10 days written notice to the Defendant's registered office, shall have the right to file an Affidavit of Noncompliance at which time the full amount of the Judgment shall come due ("the Acceleration") less any payments made by the Defendant; the Defendant may dispute existence of a claimed default by motion to the court.
>
> IT IS FURTHER ORDERED that the Plaintiff shall have the right to terminate the Defendant's tenancy for any reason upon not less than ninety (90) days prior written notice. If, upon notice of termination of tenancy, the Defendant is current on all obligations set forth in this Consent Judgment as well as the underlying Lease, then the Defendant shall be absolved of all remaining obligations under this Judgment as well as under the Lease. If, upon notice of termination of tenancy, the Defendant is in arrears on its obligations set forth in the Consent Judgment and/or the underlying Lease, then the full amount of this Judgment (less payments already made) and the full amount of the rent under the Lease, up to the time of termination, will become due immediately.

A letter dated February 3, 2012 that was sent to the Debtor by the Landlord stated that "it shall serve as the Landlord's written notice that the Landlord is terminating the Tenant's lease effective ninety (90) days from the date of this letter." The letter went on to state it was an exercise of the right to do so given in the Consent Judgment, and concluded stating that all amounts due up to the time of termination are due immediately. That 90-day period expired on May 3, 2012.

It is the Landlord's position that by reason of that notice the Lease had been terminated prior to the bankruptcy case filing date of March 16, 2012, rendering it unassumable by the Debtor and consequently ample grounds for the granting of a lift of stay. The Debtor argues that since the 90-day period had not run as of the bankruptcy filing date of March 16, 2012, the lease remained an effective executory contract assumable under the Code. The Debtor also urges equitable considerations arguing that the loss of the leased premises will likely be the death knell of this Chapter 11 case.

## DISCUSSION

It must be initially concluded that the 90-day termination provision in the Consent Judgment was effectively an amendment to the lease and should be treated as such. The two quoted Consent Judgment provisions are separate and provide for separate rights. The first in effect provides for the possibility of a cure, whereas the second does not, but does afford a release of further liability on termination if there are no defaults. Thus, as of the date of the termination notice given in this case, the Landlord had the termination right afforded it and undisputedly properly exercised it prior to the filing of the bankruptcy case. The termination was to be effective 90 days after the giving of the notice, i.e.; on or about May 3, 2012, and the bankruptcy case was filed during that 90-day period on March 16, 2012. It is essentially the Debtor's argument that since the effective termination date (i.e., the end of the 90-day notice period) occurred after the filing, as of the bankruptcy filing date, the termination had not become fully effective and thus the Debtor continued to have the right of possession and incident thereto retained executory contract assumption/rejection rights afforded a debtor under § 365 of the Code.

3

It should be initially observed that even if the Debtor were correct in that view, and then chose to attempt to assume the lease, quite clearly what it would, and could only, assume is the lease as amended by the Consent Judgment. Executory contracts can only be assumed or rejected in their entirety. That would mean that the Landlord would nevertheless retain the right to avail itself of the 90-day termination clause, even if the Debtor sought, and was given, authority to assume the lease.

More importantly, however, this Court aligns itself with the reasoning of the court in *Moody v. Amoco Oil Co.*, 734 F.2d 1200 (7th Cir. 1984). That case involved a gas station executory dealership contract with a termination provision not materially distinguishable from the one in the Consent Judgment in this case. That court opined as follows:

> Amoco argues that the ninety-day waiting period before the effective date of the termination does not give debtors the right to assume the contracts. After the termination notices were sent, all that remained under the contracts was the passage of time until the terminations were complete. Amoco argues that when debtors filed, there was nothing left to assume under the contract except the remaining time - ninety days before the contract was terminated completely.
>
> Section 365 of the Code only gives a debtor the right to assume an executory contract. If a contract has been terminated pre-bankruptcy, there is nothing left for the debtor to assume. However, the termination must be complete and not subject to reversal, either under the terms of the contract or under state law. L. King, 2 Collier on Bankruptcy 365.03 (15th ed. 1979); *see In re Fontainebleau Hotel Corp.,* 515 F.2d 913 (5th Cir.1975).
>
> As discussed above, here the dealership termination notices were effective prior to debtors' filing in bankruptcy. The contract gave debtors no right to cure once the termination notices were mailed. Amoco did not have to take any further action to terminate the contracts; termination was automatic at the end of ninety days. Wisconsin law also gives debtors no right to cure. FNIO
>
>> FNIO. Any right to cure to prevent termination provided by the Wisconsin Fair Dealership Law, Wis.Stat. § 135.04 (1974 & Supp.1983) has been

4

> preempted by the PMPA. *See* 15 U.S.C. § 2806 (1982).
>
> > The fact that the termination itself was not effective for ninety days does not affect the result. The filing of the chapter 11 petition cannot expand debtors' rights as against Amoco. *Schokbeton Industries, Inc. v. Schokbeton Products Corp.,* 466 F.2d 171, 176-77 (5th Cir.1972); *see Kopelman v. Halvajian* (*In re Triangle Laboratories, Inc.), 663* F.2d 463, 467-68 (3d Cir.1981). When the termination notice was sent, debtors only had a right to ninety days' worth of dealership contracts. The filing of the petition does not expand that right. This conclusion is supported by a number of decisions in the bankruptcy courts. *See, e.g., New Media Irjax v. D.C. Comics,* 19 B.R. 199 (Bkrtcy.M.D.Fla.1982); *In re Bem'us Watch Co.,* 13 B.R. 331 (Bkrtcy.S.D.N.Y.1981); *In re Beck,* 5 B.R. 169 (Bkrtcy.D.Haw.1980).
>
> *Moody*, 734 F.2d at 1212-113.

The Debtor has not pointed the Court to Michigan law which differs from referred to Wisconsin law which would give the Debtor a right to cure under these circumstances. The Debtor cites *In re McClouth Steel Corp.*, 20 B.R. 688 (Bankr. E.D. Mich 1982) in support of its position. The executory contract in that case provided that if a default occurred and continued for a period of one month after written notice of default was given, the noticing party could then terminate the contract by giving an additional one-month notice. Only the initial default notice was sent, and it preceded the bankruptcy filing by eight days (and it also permitted a cure). As the bankruptcy court noted, the stay went into effect when the case was filed, thus preventing the exercise of the right to terminate. The court thus concluded, correctly, that the agreement had not been terminated prior to the bankruptcy, and the contract remained property of the estate. That is quite different from a case such as this where the actual and effective termination notice was given pre-bankruptcy. In fact, the court in the *McClouth* case did say, "if the agreement has expired by its own terms or has been

5

terminated prior to the commencement of the case, then there is nothing left for the trustee to assume or assign." 20 B.R. at 691 (citing 2 Colliers PP 365.02 pp 365-12, 365-13).

For the foregoing reasons, the Court concludes that sufficient cause has been shown to grant the motion to lift the stay. The Court is aware of the likely fact that the loss of the lease might have adverse material, if not fatal, consequences to this Debtor and its reorganization possibilities. However, essentially equitable or pro-reorganization policy considerations which might cause the Court to decide otherwise than it is doing, are not sufficiently strong in this situation to outweigh what the Court concludes is the clear mandate of applicable law.

The Landlord shall prepare and present an appropriate order.

**Signed on June 06, 2012**

               **/s/ Walter Shapero**
               **Walter Shapero**
               **United States Bankruptcy Judge**

6

12-46528-wsd   Doc 52  Filed 06/06/12  Entered 06/06/12 15:29:50  Page 6 of 6