UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

JACKSON GR, INC.,
d/b/a GROUND ROUND GRILL & BAR,

Case No.: 12-46528-wsd
Chapter 11
Hon. Walter Shapero

Debtor.
_____/

## OPINION DENYING MOTION FOR RECONSIDERATION

By its Opinion ("Opinion") of June 6, 2012 (Docket No. 52) and its effectuating Order of July 2, 2012 (Docket No. 56), this Court granted Ramco-Gershenson Properties, LP's Motion for Relief from the Stay. The Debtor timely moved for Reconsideration and incident thereto the Court granted a stay pending its disposition of that Reconsideration Motion.

E.D. Mich. LBR 9024-1(a)(3) governs reconsideration motions and essentially provides that generally such motions will not be granted if they present the same issues ruled on by the Court. The movant needs not only to demonstrate a palpable defect by which the Court and the parties have been misled, but also to show that a different disposition of the case must result from a correction thereof. The Debtor correctly points out that the Court does have discretion even in the absence of there being a palpable defect.

The essential finding in the Opinion was that a state court consent judgment preceding the bankruptcy filing effected and was to be treated and considered as an amendment to the underlying lease between the parties; one provision of that consent judgment being the right to terminate the lease by way of a prescribed notice. That termination notice was given pre-bankruptcy, and was the primary basis for the Motion to Lift Stay.

1

The Debtor initially argues the indicated state court judgment was void *ab initio* because the case was or should have been filed in the appropriate District Court as a landlord/tenant proceeding, but was mis-captioned and/or mis-assigned to the Circuit Court for Jackson County, which eventually signed the subject Consent Order, and that mis-captioning and mis-assigning deprived the Circuit Court of jurisdiction and made that order void. The short answers to that argument are (1) the subject judgment was a "Consent Judgment", i.e., one consented to by the parties incident to pending litigation; and (2) the Bankruptcy Court does not generally sit to correct alleged errors in state court proceedings, and particularly procedural and jurisdictional ones. If there is any merit to the Debtor's indicated arguments, the Debtor needs to address them to the state court which issued the Consent Judgment.

The Debtor's next argument is that the Consent Judgment should not be considered as an Amendment to the Lease, but rather as a claim against the bankruptcy estate of the Debtor. Given the specific language of the Consent Judgment itself as quoted in the Opinion, and given the context and referring as it does to the "underlying lease", there is little room for a conclusion other than that articulated in the Opinion. The Consent Judgment evidences what the Michigan courts characterize as differing from the usual litigated judgment, in that it is primarily the act of the parties settling their dispute (and in doing so having taken into account all of the various possibilities of litigation outcome), rather than the considered judgment of the Court. In this case, the termination provision was obviously part and parcel of the entire consent judgment agreement. That agreement not only included the subject lease termination provision , but also included other provisions which afforded the Debtor some relief from, and future direction as to, claimed existing lease defaults. It cannot be reasonably otherwise concluded that the termination provision was, and was intended to be, or had

2

the legal effect of being considered an amendment to the lease. (If for some technical reason not apparent to this Court it might not be so seen, it nevertheless should be considered as a separate agreement enforcible by its terms, as if it were formally drafted as a lease amendment); Thus the Debtor's arguments do not meet the reconsideration standards. The Reconsideration Motion is denied, and Ramco-Gershenson Properties, LP shall prepare and present under the local rule an appropriate order.

**Signed on August 01, 2012**

                                                **/s/ Walter Shapero**
                                                **Walter Shapero**
                                                **United States Bankruptcy Judge**